

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GEORGE PRICE,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | **Case No.: 2:20-cv-01577-ACA** |
| } | |
| **CARDINAL HEALTH and** } | |
| **CHARLIE JONES,** } | |
| } | |
| **Defendants.** } | |

## ORDER

Before the court is *pro se* Plaintiff George Price's amended complaint, which asserts state law claims against Defendants Cardinal Health and Charlie Jones. (Doc. 4).

Because the amended complaint does not assert any federal claims, the court lacks federal question jurisdiction over the case. Moreover, the amended complaint does not assert or show that the court has diversity jurisdiction. Accordingly, the court **WILL DISMISS** this action **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### I.  BACKGROUND

Mr. Price filed an initial complaint against Defendants Cardinal Health and Charlie Jones using the court's form complaint for employment discrimination.

(Doc. 1 at 1–7). He attached to the complaint a copy of his EEOC charge of discrimination and notice of right to sue. (*Id.* at 8–9). On the form complaint, Mr. Price checked boxes indicating that he complains about termination of his employment, unequal terms and conditions of his employment, and assault and battery. (Doc. 1 at 4). Mr. Price also checked boxes claiming that he was discriminated against because of his race, color, and gender or sex. (*Id.* at 5). Mr. Price did not provide facts supporting his claims on the form complaint, and he did not complete the section of the form complaint regarding the relief sought. (*Id.* at 5–6).

Therefore, the court ordered Mr. Price to file an amended complaint to clarify the nature of and provide a factual basis for his claims. The court instructed Mr. Price to file an amended complaint that contained "a separate count for each claim against one defendant and a factual basis for that claim only." (Doc. 3 at 5). The court also instructed Mr. Price to "identify the statute or law under which the claim is brought." (*Id.*). The court explained that "[t]he amended complaint must include all of Mr. Price's claims in this action and must not refer back to the original complaint" and that the court would "consider only claims and factual allegations set forth in the amended complaint." (*Id.* at 6). Accordingly, Mr. Price's amended complaint supersedes the initial complaint. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007).

Mr. Price's amended complaint states that in February 2020, he was "bullied and targeted" at work. (Doc. 4 at 1). Mr. Price alleges that he told management, but "nothing was done" which lead to an "assault and battery." (*Id.*). Mr. Price claims that Mr. Jones choked him in the dock/loading area. (*Id.*). Mr. Price states that he reported that assault and battery, but his supervisor did not tell human resources about the incident and "covered" for Mr. Jones. (Doc. 4 at 1). Mr. Price alleges that management's failure to act resulted in more harm. (*Id.*). Mr. Price also claims that someone "was mocking all of the time because of [his] accent." (*Id.*).

Despite the court's instruction to file an amended complaint that contained separate paragraphs with one count for each claim against one defendant and to identify the statute or law under which each claim was brought, Mr. Price filed an amended complaint in narrative form comprised of three unnumbered paragraphs. However, liberally construing the allegations in the amended complaint, the court finds that Mr. Price asserts an assault and battery claim against Mr. Jones and a negligence claim against Cardinal Health for not addressing Mr. Prices' complaints before or after Mr. Jones attacked him. (Doc. 4).

## II.   DISCUSSION

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "have an independent

obligation to determine whether subject-matter jurisdiction exists, even if no party raises the issue," *In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035, 1042 (11th Cir. 2008) (en banc) (quotation marks omitted).

The court has subject matter jurisdiction over actions that "arise under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or that satisfy the requirements of diversity jurisdiction, *id.* § 1332(a). In this case, Mr. Price asserts only claims arising under state law: assault and battery against Mr. Jones and perhaps negligence against Cardinal Health. Although the amended complaint generally references someone "mocking" Mr. Price for his accent, the amended complaint does not elaborate further or suggest that Mr. Price asserts a claim against either Defendant based on this factual allegation.

The claims pleaded in the amended complaint do not arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. And the amended complaint provides no other basis to find the existence of subject matter jurisdiction. *See id.* §§ 1332(a), 1367(a) (permitting the court to exercise supplemental jurisdiction only if the court has original jurisdiction over some part of the action). Accordingly, the court **WILL DISMISS** this action for lack of subject matter jurisdiction.

The court will enter a separate final order consistent with this opinion.

Because Mr. Price has consented to electronic notification of filings, the court **DIRECTS** the Clerk to send a copy of this memorandum opinion and the final order to Mr. Price's email address of record.

**DONE** and **ORDERED** this November 9, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE